IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TOWNBRIDGE EQUITY PARTNERS, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 1:21-cv-50 |
| vs. | § § | |
| ACI CAPITAL PARTNERS, INC. | § § | |
| Defendant. | § § | |

### DEFENDANT ACI CAPITAL PARTNERS, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant ACI Capital Partners, Inc. ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, hereby moving this civil action from the 368th Judicial District Court, Williamson County, Texas, where it is currently pending as Case No. 20-1954-C368, to the United States District Court for the Western District of Texas, Austin Division.

### SUMMARY

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Townbridge Equity Partners, LLC is a citizen of Delaware with a principal office in Austin, Texas. Defendant ACI Capital Partners, Inc. is a citizen of Florida.

**BACKGROUND**

On December 15, 2020, an action was commenced in the 368th Judicial District Court, Williamson County, Texas entitled *Townbridge Equity Partners, LLC v. ACI Capital Partners, Inc.*, as Case Number 20-1954-C368 (the "Action"). Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint, and any other process, pleading, or orders in the case are attached hereto as **Exhibit 1**. In the Action, the Plaintiff assets claims for breach of contract, fraud, misrepresentation, conversion, exemplary damages, and attorney's fees.

Defendant was served with a copy of the summons and complaint in the Action on December 18, 2020. Defendants filed a motion to dismiss (based on a forum selection clause) and in the alternative, general denial, in state court. Defendants now timely file this notice of removal.

**GROUNDS FOR REMOVAL**

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

    A.    **The amount-in-controversy requirement is satisfied**.

In the Fifth Circuit, the test for determining whether the amount-in-controversy exceeds the jurisdictional amount is "whether it is more likely than not that the amount of the claim will exceed $75,000."[1] In conducting this analysis, the district court must "first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount."[2]

---

[1] *See Polinard v. Homecomings Fin. Network,* Civ. Action No. SA-06-CA-1130 FB (NN), 2007 U.S. Dist. LEXIS 43521, at *4 (W.D. Tex. June 14, 2007).

[2] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998).

Here, it is facially apparent from the Plaintiff's own state court petition that the amount in controversy exceeds the $75,000 jurisdictional threshold. In the fifth paragraph of Plaintiff's state court petition, it writes, "Plaintiff avers that, at this time, it seeks monetary relief over $100,000.00 but not more than $200,000.00."[3] Accordingly, by Plaintiff's own admission, the amount in controversy in this Action exceeds $75,000. Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

**B.     Complete diversity of citizenship exists between Plaintiff and Defendant.**

Plaintiff states in its live petition that it is a "Delaware Corporation" that is registered to do business in Texas and maintains an office in Texas. Thus, Plaintiff is a citizen of Delaware and is possibly also a citizen of Texas.

Plaintiff correctly states that Defendant is a Florida corporation. Thus, Defendant is a citizen of Florida.

Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant, and this Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a)(1).

**C.     Other prerequisites for removal are satisfied.**

This notice of removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt . . . of the initial pleading . . . to file the notice of removal."[4] Defendant was served with a copy of Plaintiff's original petition and citation in the Action on December 18, 2020. This notice of removal is being filed less than 30 days from when Defendant was served with a copy of the petition and citation.

---

[3] Exhibit 1, Part B at ¶ 5.
[4] 28 U.S.C. § 1446(b)(2)(B).

This Action is properly removed to the United States District Court for the Western District of Texas, Austin Division, which is the "district and division embracing the place where [the] action is pending."[5]

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action to be included with this notice of removal. These documents have been attached hereto as **Exhibit 1**:

- Part A – State Court Docket Sheet
- Part B – Plaintiff's Original Petition and Disclosure Requests
- Part C – Defendant's Motion to Dismiss Based on Forum-Selection Clause, and Subject Thereto, Original Answer

Defendant is filing concurrently herewith a completed civil cover sheet, the required supplement to JS 44 for cases removed from state district court, a copy of the pleading against Defendant that triggered this removal,[6] a copy of the state court docket sheet,[7] a copy of all other pleadings and orders in the state court case,[8] and a list of all counsel of record.[9]

Pursuant to 28 U.S.C. § 1446(d), a notice of the filing of this Notice of Removal, and copies of this Notice of Removal and all attachments will be served upon counsel for Plaintiff. The notice of removal attached hereto as **Exhibit 3**, along with a copy of this Notice of Removal will also be filed with the clerk of the 368th Judicial District Court, Williamson County, Texas.

---

[5] 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 124(d)(1) (listing the counties within the Austin Division of the Western District of Texas).

[6] Exhibit 1, Part B.

[7] Exhibit 1, Part A.

[8] Exhibit 1, Part C.

[9] Exhibit 2.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing, evidence, and argument in support of its position that subject matter jurisdiction exists.

## CONCLUSION

For the reasons set forth above, this Action is properly removable under 28 U.S.C. § 1332(a). Defendant respectfully requests that this Court proceed with this matter as if it had originally been filed herein. Defendant further requests any such other relief to which it may be justly entitled.

Dated: January 15, 2021

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

_____
Randy Howry
State Bar No. 10121690
rhowry@howrybreen.com
Ryan D. Ellis
State Bar No. 24087470
rellis@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorneys for Defendant ACI Capital Partners, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was delivered on January 15, 2021, via the Court's ECF system, e-mail, and First Class Mail at:

Kenneth E. Davison
State Bar No. 05592800
kdavison@kedavisonlaw.com
KE Davison, PC
PO Box 160910
Austin, Texas 78716-0910
Tel. (512) 327-3400
Fax (512) 306-8903

*Attorney for Plaintiff Townbridge Equity Partners, LLC*

_____
Randy Howry